UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TARRELL SIMS, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-03061-WTL-MJD |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Tarrell Sims for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-04-0039. For the reasons explained in this Entry, Mr. Sims' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Mr. Sims was charged with offense B-202, possession or use of a controlled substance in case CIC 17-04-0039. The Report of Conduct stated:

> On 4-3-17 at app. 1:00am, I Officer J. Renick conducted a sha[ke]-down in 14B-3B. At this time I found two pieces of rolled burnt paper that appeared to contain a controlled substance. The items w[]ere found on the desk in room 14B-3B where Offender Sims, Tarrell #242115 lives. The items were confiscated and placed in an evidence[] locker. End of Report.

Dkt. No. 8-1.

Investigator Steven Hall confirmed that the item found in Mr. Sims' desk violated Code B-202. Dkt. 8-3. The Suspicious Controlled Substance Confirmation form stated that a chemical test was not available, but that the circumstances indicated that the items found were synthetic marijuana. *Id.*

On April 6, 2017, Mr. Sims was notified of the charges and served with copies of the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. No. 8-4. Mr. Sims was notified of his rights and pleaded not guilty. *Id.*

Mr. Sims requested a lay advocate, and one was later appointed to him. Dkt. No. 8-4, Dkt. No. 8-5. Mr. Sims also requested the test of the controlled substance as evidence. Dkt. No. 8-4. He did not request any witnesses. *Id.*

On April 18, 2017, the disciplinary hearing office (DHO) held a hearing in case CIC 17-04-0039. Dkt. No. 8-7. Mr. Sims pleaded not guilty and made the following comment: "It happened on April 1st. Nothing happened on the 3rd." *Id.* After considering staff reports and Mr. Sims' statement, the DHO found Mr. Sims guilty of offense B-202, possession or use of a controlled substance. *Id.* Due to the seriousness, frequency, and nature of the offense, the DHO

imposed the following sanctions: a written reprimand, 30 days loss of phone or commissary privileges, and 60 days earned credit time deprivation. *Id.*

On April 20, 2017, Mr. Sims appealed the disciplinary conviction to the Superintendent, who then denied the appeal on May 31, 2017. Dkt. 8-8. Mr. Sims' subsequent appeal to the final reviewing authority for the Indiana Department of Correction (IDOC) was denied on June 20, 2017. Dkt. No. 8-9 at 13.

**C.    Analysis**

Mr. Sims alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) several IDOC policies were violated; 2) there was insufficient evidence to support the conviction; and 3) he was denied requested evidence.

Mr. Sims first contends that there was a duplicative Report of Conduct issued as a result of the cell search. The respondent agrees that a Report of Conduct was also issued in case number CIC 17-04-0024, but that charge was issued against Mr. Sims' cell-mate, so it was not a duplicative report issued against Mr. Sims. Mr. Sims further argues that he was not given a Notice of Confiscated Property, as required by IDOC policy. The record reflects, however, that a Notice of Confiscated Property was issued on April 1, 2017. Dkt. No. 8-2.

Moreover, any alleged violation of IDOC policy does not state a cognizable claim for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue*, 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations"). Therefore, Mr. Sims' IDOC policy claims are denied.

With respect to his insufficient evidence claim, Mr. Sims argues that the date on the Report of Conduct was incorrect. The respondent does not dispute that the reporting officer made

a mistake when writing the date of the shakedown on the Report of Conduct, which was an oversight. *See* Dkt. No. 8, n.1; Dkt. No. 8-11. Mr. Sims has not identified any prejudice that arose from this discrepancy, however, and he was aware of the actual date of the incident as indicated by his statement at the hearing. Absent prejudice, any due process violation amounts to harmless error. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error). Therefore, under these circumstances, the error of the date on the Report of Conduct was harmless.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

"Possession" is defined by the Disciplinary Code for Adult Offenders, as "[o]n one's person, in one's quarters,…" *See* Dkt. No. 8 at 9. Because synthetic marijuana was found on a desk in his "quarters," Mr. Sims was charged with possession of a controlled substance. Here, the Report of Conduct and the investigator's confirming report constituted sufficient evidence to support the guilty finding.

For his final claim, Mr. Sims argues that he was denied video review. He alleges that

he requested the video evidence during screening. There is no indication on the Screening Report that he requested video evidence. Dkt. No. 8-4. He also contends that the hearing was postponed due to his request for video evidence. This allegation is not necessarily supported by the record, as the "Postponement of Disciplinary Hearing" states that the reason for the postponement was "due to need for further investigation." Dkt. No. 8-6. But even if he did make a timely request for this evidence, inmates are entitled to the disclosure of "all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847 (internal quotation omitted). Mr. Sims has not identified what a video review would have revealed, much less argued that video evidence would demonstrate that he did not possess the controlled substance. Because there is no allegation that the video evidence was exculpatory, there was no denial of due process rights under these circumstances. The Screening Report reflects that Mr. Sims did request the test results of the substance, and he was given the Suspicious Controlled Substance Confirmation report. Dkt. No. 8-3; Dkt. No. 8-4. The denial of evidence claim fails.

Mr. Sims was given proper notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Sims' due process rights.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sims to the relief he

seeks. Accordingly, Mr. Sims' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/12/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TARRELL SIMS, 242115
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov